NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0025n.06

Case No. 24-1314

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 21, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| TARIQ ANDREW GILLAM, | ) | |
| Defendant - Appellant. | ) | OPINION |

Before: CLAY, GIBBONS, and GRIFFIN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. The government charged Defendant Tariq Gillam with six counts of child pornography. Gillam ultimately agreed to a plea agreement that carried a 235-month sentence of imprisonment, at the bottom of the sentencing guidelines range.

Gillam now challenges that resolution. He argues that the district court improperly accepted his plea because there was no factual basis for it in the record and because he did not make it voluntarily and knowingly. And because his plea was invalid, Gillam contends that the appellate waiver provision in the plea agreement is unenforceable and seeks to challenge the substantive reasonableness of his sentence. Because we find Gillam's arguments meritless, we affirm the district court's judgment.

I.

In early 2018, Gillam created a Facebook account under the persona of an adult woman named "Shay Nicole." The account's profile contained a few pictures of a woman who claimed to live in Sturgis, Michigan. Gillam then used the account to message several minor boys,

pretending to be Shay Nicole. Gillam would ask the minor if he was alone and then would ask the minor to send a picture of the minor's penis. Gillam also sent photos of a nude woman and short videos depicting a woman masturbating.

The mother of one of the minor boys discovered that her son was messaging a woman named Shay Nicole who had asked her child to send sexually explicit images of himself. After serving a search warrant on the Shay Nicole Facebook account, the FBI discovered that the IP address and telephone number associated with the account were registered to Gillam. The FBI then identified three minors—aged 10, 11, [1] and 14—who had chatted with Gillam and sent sexually explicit images of themselves to him. The images included depictions of the minors' genitalia and simulated acts of masturbation.

In June 2022, a grand jury indicted Gillam on six counts of child pornography.[2] Gillam eventually agreed to plead guilty to one count of receiving child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A). In the plea agreement, Gillam agreed that he used the persona "Shay Nicole" to induce or cause the three minors to "take pictures of themselves that depicted the lascivious display of their penises" and then to send those pictures to Gillam. He also admitted that he knew that he was receiving child pornography.

The plea agreement also included an appellate waiver provision. In exchange for pleading guilty and waiving his appellate rights, the government agreed to drop the remaining charges against Gillam, several of which carried mandatory minimum sentences of 15 years of

---

[1] The 11-year-old minor told Gillam that he was 15 years old.

[2] The indictment included four counts of producing child pornography, *see* 18 U.S.C. § 2251(a), (e), one count of coercing and enticing a minor, *see id.* § 2422(b), and one count of possessing child pornography, *see id.* § 252A(a)(5)(B), (b)(2).

imprisonment. Gillam also acknowledged that he had read the agreement, understood its terms, and agreed to them.

Based on Gillam's criminal history category of I and offense level of 38, the district court determined that the guideline range was 235 to 293 months imprisonment.[3] Because Gillam's statute of conviction set a 20-year maximum sentence, however, the range was narrowed to 235 to 240 months. *See* USSG §5G1.1(c)(1). Gillam moved for a downward variance, arguing that the guidelines were overly punitive and lacked an empirical basis. The district court denied the motion and sentenced Gillam to 235 months imprisonment. Gillam now appeals.

## II.

Gillam's appeal hinges on two claims. First, he argues that the district court erred when it accepted his guilty plea because his plea, which included a waiver of his appellate rights, was invalid. Second, he contends that the district court's sentence of 235 months imprisonment was substantively unreasonable. Because Gillam's guilty plea waived his right to challenge his sentence's substantive reasonableness, we will only consider the second argument if we find Gillam's first argument compelling.

## III.

Gillam argues that his plea agreement is invalid. He provides two reasons. First, there is no factual basis for his plea in the record. Second, he did not knowingly and voluntarily enter the plea agreement.

---

[3] Gillam's base offense level of 32 was based on the cross-reference in the receipt of child pornography guideline, USSG § 2G2.2(c)(1). The cross-reference required the district court to apply the guideline for child pornography production offenses under USSG § 2G2.1 because it resulted in a higher offense level. USSG § 2G2.2(c)(1). If Gillam had been sentenced under the receipt of child pornography guideline, his base offense level would have been 22. USSG § 2G2.2(a)(2).

A.

Before accepting a defendant's guilty plea, the district court "must determine that there is a factual basis for the plea." Fed. Rule Crim. Proc. 11(b)(3). Because Gillam did not object below, we review whether the district court had a sufficient factual basis to enter judgment on his guilty plea for plain error. *United States v. Vonn,* 535 U.S. 55, 59 (2002). To demonstrate plain error, a defendant must show an obvious or clear error that affected both his substantial rights and the judicial proceedings' fairness, integrity, or public reputation. *United States v. Vonner,* 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

Gillam argues that the district court plainly erred in finding that the plea had a sufficient factual basis for two reasons: he lacked the requisite mental state to commit the offense, and the pictures did not constitute child pornography.

*Knowledge.* A defendant commits the crime of receipt of child pornography when he "*knowingly* receives . . . any child pornography" by means or facility of interstate commerce. 18 U.S.C. § 2252A(a)(2)(A) (emphasis added). As relevant here, child pornography includes "any visual depiction . . . of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."[4] 18 U.S.C. § 2256(8)(a). The term "knowingly," as interpreted by the Supreme Court, "extends both to the sexually explicit nature of the material and to the age of the performers." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994); *see United States v. Szymanski*, 631 F.3d 794, 798–99 (6th Cir. 2011).

Although there are many ways to establish the factual basis for a guilty plea, the "ideal means" is to ask the defendant to state, in his own words, what he did that he believes constitutes

---

[4] The superseding felony information, which charges Gillam with one count of receiving child pornography, specifically cites this definition of child pornography.

the crime to which he is pleading guilty. *United States v. Tunning,* 69 F.3d 107, 112 (6th Cir. 1995). To this end, Gillam emphasizes that when the district court asked him to describe the nature of his crime, he expressly denied knowing, at the time of receipt, that the individuals depicted in the sexually explicit pictures were minors.

It is true that, when the district court asked Gillam to state what he did that "makes [him] guilty of receipt of child pornography," he denied knowing the age of the minors when he received their pictures. DE 57, Plea Hr'g Tr., Page ID 232–33. Immediately after his denial, the government reminded Gillam that the evidence showed that one of the minors had told him that he was 15. Gillam therefore knew that one of the individuals he was messaging was a minor. Knowing this, Gillam asked the minor to send him sexually explicit images.

The district court then asked Gillam to clarify his earlier response, specifically whether he knew "ahead of time that the individual that [he was] speaking to was" a minor. *Id.* Gillam answered that he did, indeed, know that the individual was a minor at that time. The district court asked, once again, whether Gilliam knew the minors' ages when he received the images. Gillam said that he did.

Gillam's reliance on this court's decision in *United States v. Szymanski*, reversing a defendant's conviction for receiving child pornography, is misguided. 631 F.3d. at 802. There, the district court had entirely failed to address whether the defendant knew, at the time he received the material, that it was child pornography. *See id.* at 799–800. The defendant, for his part, had "conspicuously denie[d] any knowledge that the material was child pornography at the time he received it." *Id.* at 801. We held that the district court's failure to ensure a sufficient factual basis for the defendant's knowledge was plain error. *Id.* at 801–02. Here, the district court and government specifically addressed the knowledge requirement during the plea colloquy. And

Gillam admitted that he knew that the individuals were minors and that the images he sought from them were child pornography.

*Lascivious images.* The offense also requires that the images of the minors depict "sexually explicit conduct." 18 U.S.C. § 2256(8)(A). Sexually explicit conduct includes "graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person." *Id.* § 2256(2)(B)(iii); *see United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015) (citing prior version).

In the plea agreement, Gillam agreed that the pictures "depicted the lascivious display of [the minors'] penises." DE 24, Plea Agreement, Page ID 53. That language tracks the statutory definition. *See* 18 U.S.C. § 2256(2)(B)(iii). And Gillam affirmed several times that he had reviewed the agreement and voluntarily and knowingly agreed to its terms. Given Gillam's statements, we see no reason not to hold him to the terms of his plea agreement. *See United States v. Baez*, 87 F.3d 805, 810 (6th Cir. 1996) ("[W]hen a plea agreement's written description of the essential facts underlying the charge supports a finding of guilty, the defendant's express acknowledgment of the accuracy of the agreement's provisions satisfies the requirements set forth in Rule 11[(b)(3)].")

Beyond the plea agreement, the parties' statements during the plea hearing shed light on the nature of the images. *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (allowing consideration of on-the-record statements from the "prosecutors as well as a statement from the defendant" (citation omitted)). All parties understood that the case involved sexually explicit images of the minors' penises. When the district court asked Gillam whether he received images of the minors that "under the law [were] deemed to be child pornography," he said that he had. DE 57, Plea Tr., Page ID 233. The government then described a Facebook message conversation

between Gillam and one of the minors, which involved Gillam "asking for images of the boy's penis." *Id.* at 234. In response to this description and further inquiry from the district court, Gillam acknowledged that he received child pornography.

Even if the record was unclear at the plea hearing, it was sufficiently clear at sentencing, which is enough under Rule 11. *See* Fed. R. Crim. P. 11(b)(3) ("*Before entering judgment* on a guilty plea, the court must determine that there is a factual basis for the plea." (emphasis added)). At sentencing, the district court had before it the presentence report. The report detailed the sexual nature of Gillam's conversations with the minors and described the sexually explicit images that he solicited from them. The PSR therefore confirms that Gillam received child pornography. *See United States v. Pitts*, 997 F.3d 688, 697 (6th Cir. 2021) ("We have repeatedly considered a defendant's PSR to confirm that a factual basis existed below.").

Gillam counters that neither the plea agreement nor the plea colloquy establishes that the images were lascivious. He emphasizes that, during the plea hearing, he admitted only to asking the minors for "explicit" pictures. DE 57, Plea Hr'g Tr., Page ID 233. As for the government, Gillam notes, it stated that it could prove that Gillam sought "sexually explicit" images from the minors, including pictures of the minors' penises, but did not state that the photos were lascivious. *Id.* at 232. And yet, when the images are expressly described as "lascivious," as they are in the plea agreement, Gillam argues that this description is still not enough because the term is close to impossible to understand for a lay person. Gillam cannot have it both ways. In any event, the images, as described in the plea agreement, the PSR, and by the parties during the plea colloquy, were lascivious displays of the minors' genitals. It was not plain error for the district court to find sufficient factual basis to conclude that the images were child pornography.

B.

Apart from the sufficiency of the factual basis, Gillam contends that his plea was not voluntary and knowing.  Under Rule 11, the district court must ensure that the defendant's plea is voluntary and that he understands his "applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007) (citations omitted).

Gillam asserts that his plea was not voluntary and knowing because he did not understand the appellate waiver provision in his plea agreement.  The plea agreement makes clear that in exchange for the government's agreement to dismiss the remaining charges, Gillam "waives all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter" relating to the criminal case.  DE 24, Plea Agreement, Page ID 58.  Gillam signed the plea agreement, affirming that he read and understood it and voluntarily agreed to the terms.

During the plea hearing, Gillam confirmed, once again, that he had read the entire plea agreement, discussed it with his attorney, and agreed to all aspects of it, including the waiver.  The government reviewed the appellate waiver provision with Gillam, confirming that he was waiving his appellate rights.  The district court then followed up, asking Gillam if he understood that he was "giving up the right to appeal or collaterally attack the conviction, the sentence . . . aside from just the few exceptions" provided in the plea agreement.  DE 57, Plea Hr'g Tr., Page ID 231.  Gillam responded: "Yes, ma'am." *Id.*  Thus, based on his own admissions in the plea agreement

and statements during the plea hearing, Gillam fully understood his right to appeal and that he was giving up that right in exchange for the government to move to dismiss the more serious charges.[5]

IV.

Gillam also challenges the substantive reasonableness of his sentence. We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). But Gillam's plea agreement prevents him from challenging his sentence except in four circumstances: (1) the sentence on any count exceeds the statutory maximum; (2) the sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the guilty plea was involuntary or unknowing; or (4) his attorney provided ineffective assistance of counsel.

None of those circumstances are present here. First, Gillam's sentence of 235 months imprisonment did not exceed the statutory maximum sentence of 240 months imprisonment. *See* 18 U.S.C. § 2252A(b)(1). Second, Gillam does not argue, nor does the record contain any indication, that his sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender. Third, as discussed above, Gillam's guilty plea was voluntary and knowing. Fourth, Gillam fails to show that his attorney provided ineffective assistance of counsel. Although Gillam alludes to a potential ineffective assistance claim in his brief, he does not explain what made his attorney's representation constitutionally ineffective or otherwise attempt to develop the argument. The argument is therefore waived. *See Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)).

---

[5] Gillam also invokes the "miscarriage-of-justice" exception to the enforcement of appellate waivers. But as Gillam correctly notes, this court has yet to recognize such an exception in a published decision. *Portis v. United States*, 33 F.4th 331, 339 (6th Cir. 2022). In any event, Gillam offers no argument for applying such an exception here. We therefore decline to apply the exception.

Because the plea agreement is valid, and because none of the four exceptions to the appellate waiver provision apply, we decline to address Gillam's argument that his sentence is substantively unreasonable. *See Pitts*, 997 F.3d at 702 (declining to consider procedural reasonableness challenge to sentence after determining plea agreement was valid and appellate waiver provision was enforceable).

V.

For the reasons discussed, we affirm the district court's judgment.